We'll begin with USA v. Brian Washington. Good afternoon, Your Honors. May it please the Court. My name is Allegra Glashauser. I represent Appellate Brian Washington. Your Honors, the Court here imposed an additional burden of polygraph testing on Mr. Washington after his sentencing had finished. Mr. Washington wasn't present when that happened, and because of that, it should be removed. Let me ask you, what do you have in mind with this appeal? What do you think you're going to achieve if you prevail here? Removing the polygraph testing from the condition of Mr. Washington's supervised release. Well, wouldn't it be really a remand to the District Court to cure whatever the problem was? No, Your Honor. The government hasn't actually asked to have a remand to reimpose the condition, and this Court has a long line of cases where the condition that was imposed without the person being present is simply removed from the written judgment. There are cases starting, I believe, with Marquez and also Rosario, Fiume. It's a common remedy to remove the condition, and that's because sentences are final once they've been imposed, and Mr. Washington has a right to the finality of his sentence imposed orally. And this particular condition is moderately controversial, isn't it? It is, Your Honor. There's at least one circuit that found that polygraph testing violates due process. I'm not arguing that here, and this circuit hasn't agreed, but this circuit has found that it presents a harsh dilemma for people because it forces them to choose sometimes between potentially incriminating themselves or violating a condition of release. Now, why, if this is such a harsh and interesting or portentous issue, why did you not raise it in the District Court, to which the answer, of course, will be you will not counsel the District Court? You're simply taking the hint. Well, Your Honor, there's no obligation for counsel to object to things that the judge does not impose, and the prosecution hasn't cited any cases that require counsel to affirmatively object before a judge actually imposes a condition. Here, the judge didn't impose the condition, so counsel had no reason to object. Are you familiar with what the practice is generally? Do you have an understanding, at least in, say, eastern and southern districts? Do judges routinely add the polygraph testing language, or are there judges who do not? And as to those who do not, do you know whether it's actually part of sex offender treatment that's ordered? In my experience, my office is challenging this condition, so it's not routine. When the judge orders it, we often do challenge it, depending sometimes on the particular person who's being sentenced, and it does not have to be a part of sex offender treatment. As the probation manual makes clear, it's really not about treatment. It's about compliance or eliciting confessions. It's not the treatment provider that does the polygraph testing. Now, is it not the case that the District Court relied on a pre-sentence investigation report? Is that right? Well, there was a pre-sentence investigation report. I'm just asking you whether Judge Daniels relied and said he was relying upon a reading of the pre-sentence investigation report. Yes, Your Honor. It was discussed in the context of the guideline range. Yes, and the condition that was proposed in the pre-sentence investigation report includes the following sentence. You must abide by all rules, requirements, and conditions of the sex offender treatment programs, including submission to polygraph testing. Am I missing something in that sentence? No, Your Honor, but the judge did not say that he was imposing all the conditions in the pre-sentence report. You think the judge has to say everything that's in the report before he can incorporate the report into the sentence? This court's case law is clear that the judge needs to say any non-standard condition, particularly those that aren't even in the guidelines at all, like polygraph testing. Yes, the judge must say that orally at sentencing for it to be part of the sentence. It's not just a clarification. This is a separate condition that, as we discussed, is moderately controversial. That's correct, Your Honor, and it's a separate condition that isn't even mentioned in the sentencing guidelines or contemplated as a standard practice. Are there any other moderately controversial issues that lurk in pre-sentence reports? I'm sure there are, Your Honor, but if they're not imposed by the judge at sentencing, the argument would be the same, and there have been many cases where the argument is the same. Thank you. Thank you. Very much appreciated. Good afternoon, Your Honors. May it please the court, my name is Jacob Warren, and I represent the United States in this appeal. And I also represent the United States in the proceedings below before the district court. I'd like to start with just addressing one issue about the polygraph testing itself. The government's position is that it is, in fact, part of treatment, specifically here. It's not the- Standard treatment? It is often part of sex offender treatment. And here in the PSR, Mr. Washington underwent a psychosexual analysis by Dr. McCarthy. Judge Daniels had the benefit of that lengthy report at sentencing. And in the PSR, this is at paragraph 71, she actually recommended that Mr. Washington undergo clinical polygraph exams every three months while in treatment. You know who does the polygraphs? My understanding is, contrary to what Ms. Glashauser said, that it's actually the treatment provider that has to be in a position to do the polygraph testing. That is correct, Your Honor, and it's actually part of the treatment program. And some judges don't order it. Are you aware of that? I'm not aware that some judges do not order it when it's- You're not aware that Judge Rakoff and Judge Kaplan never include polygraph testing? I was not aware of that, Your Honor. You should make a note of that. Yes, Your Honor. It is sometimes used and sometimes not used. It is sometimes used and sometimes not used, but the probation office often recommends it because they have contracts with these treatment providers. And it can be a requirement of the treatment providers to undergo polygraph testing as part of a treatment plan. And that is the main reason why the government submits that it, in fact, doesn't add new burdens to the special condition of supervised release, simply because it is one of the rules, requirements- It could be one of the rules, requirements, and conditions of participating in an outpatient sex offender treatment program. Now, is it the government's view that there's something else in this record that the defense counsel should have been aware of? Or that the court should have been aware of? Or was aware of? Well, Your Honor, the parties were well aware of this condition in the PSR and had opportunities to object to the PSR. There was also, specifically in the PSR, incorporates Dr. McCarthy's findings and her recommendations after her evaluation of Mr. Washington. And one of the reasons that Mr. Washington asked for a sentence of a year and a day and the government asked for a well-above-guideline sentence, and one of the reasons that defense counsel asked for a year and a day was because of this sex offender treatment program. They mentioned this in their sentencing submission to the court. The real reason, of course, we're all district judges at some point, is to get a sentence less than a year. Yes, yes. A three-month sentence. Yes, yes, Your Honor, but the defense did cite the imposition of this outpatient sex offender treatment program as one of the reasons the court could rest assured that Mr. Washington would not see Judge Daniels again. Yes, Your Honor. Counsel, as this sentence stands now, if Mr. Washington refused to take a polygraph test, would he violate his conditions of parole? I think he would violate his conditions of supervised release because he wouldn't, I think, similar to the other rules and conditions of the outpatient sex offender treatment program, if he didn't show up to group sessions or refused to participate or violated some of the other rules that they have set in place that are part of their treatment. So your position is if the oral pronouncement of sentence and the judgment, if both of them did not include, in other words, if neither of them included the including polygraph testing language, it still could be a condition just like any other condition of the treatment program. Yes, Your Honor. Let me ask you about the you rely on the fact that it was recommended in probation's recommended supervised release conditions, but I'm not sure how much you can rely on that. The search, you know, you're familiar with the search condition of supervised release, which is routinely recommended by probation officers, and many judges do not impose that condition, and no one would argue that everyone was on notice that probation was recommending it so you could still do a search. Yes, Your Honor. I think the one difference here is that this issue was looked at carefully by Dr. McCarthy in a lengthy evaluation and a lengthy report that she did of Mr. Washington, and, you know, finding that he was a serial offender, and I think the language that she used is that he overestimates his ability to deal with his condition. So I think here the imposition of that special condition was well considered by probation and by Dr. McCarthy. But do you concede, counsel, that this special condition was not imposed in this oral sentencing? No question, Your Honor, that that second sentence of the polygraph testing was not imposed by Judge Daniels at the oral sentencing. Is there a reason why? Were you counsel before Judge Daniels? Yes, Your Honor, I was. Is there any reason why you would not have mentioned that to bring it to his attention? There's no good reason, Your Honor, other than overlooking it. And what about opposing counsel's view that the only, if she were to prevail on this argument, that the only remedy that we could decree would be striking forever this requirement? Does that, how does that, do you have any comments on that? As opposed to remanding for resentencing. Do you have a view on that? Well, the government's view just to, at sentencing, Your Honor, I have a recollection of Judge Daniels going through the standard conditions and then reading the first sentence of each of the special conditions. And then clearly he did not read the final several sentences of this particular special condition. And that's, again, the government's view here is that those would reply even if the court, even if that, as Judge Akinnardy mentioned, even if that condition wasn't mentioned in the written judgment. So a remand would give Judge Daniels an opportunity to consider whether to impose this special condition, which he obviously didn't consider the first time around. Well, Judge Daniels also had the benefit of the PSR and also the recommendation from a mental health professional. So you think he did, in fact, consider it? Yes, Your Honor. How are we to know? I think by the court taking into account the PSR, incorporating the PSR, asking the parties if they had any objections, reading the lengthy report submitted by Dr. McCarthy. We just don't know, though. Isn't that true, counsel? We just don't know whether he wanted specifically to impose this condition. As we've heard from Judge Atkins, some judges intentionally leave it out, and that could have been Judge Daniels thinking, we don't know. Isn't that true? We don't know at oral sentencing, but we do know that in the written judgment, he included the additional sentences of that same paragraph imposing the special condition. How common is that for the written sentence to deviate from the oral statement to some degree? I mean, I recognize the jurisprudence on the question. It's the oral statement in court, which is the one that counts, as it were. But are there other situations that you can think of? In my own limited experience as an AUSA, I can't recall a situation where there was that this issue arose. You would have no objection if we remanded to Judge Daniels for consideration of this matter? The short answer is no. The short answer to Your Honor's question is no. The government doesn't think it's necessary to remand here. But if Your Honors were to decide that it isn't part and parcel to the sex offender treatment program. And the remedy, in your view, would be remand? Yes, Your Honor. As opposed to striking it forever? Yes, Your Honor. Okay, thank you. Ms. Glashauser. Yes, Your Honors. On this issue of remedy, a similar situation arose in United States v. Thomas, where the government was asked at argument whether remand was appropriate when the government had not asked for remand previously. And this court said in a footnote that because the government hadn't even briefed that question, that remand wasn't the right result. The right result was striking the condition. And that's the same thing here. This court actually addressed this as well in Rosario, explaining that the only reason not to just strike the condition would be if there was some uncertainty surrounding what the judge had actually imposed. That's not the situation here. Probation may have considered polygraph testing, as the government says. But the judge didn't. If the judge wanted to impose polygraph testing, it's very clear how to do that. The judge just had to say it on the record orally at sentencing. Mr. Washington is now serving his sentence, and he has a right not to have additional burdensome conditions added after the fact. So the right remedy here is to strike the condition. Do you happen to know whether he is serving his incarceration sentence now? That's true. Okay. So are you familiar with Judge Matsumoto in the Eastern District  I am, Your Honor. You are familiar with that. I am. So what does that tell us, if anything, about what the background assumption is when that language is not included, when polygraph language is not included in a sex offender treatment condition? Just to make sure I am on the same page with Your Honor, it's the hearing where she then did not impose the polygraph condition, right? Right. And it's the U.S. v. Lange-Moran case in the Eastern District. And my understanding is, not to answer my own question for you, but my understanding from the public record is that she did a generic condition, sex offender treatment condition. Government came in a year later or something and said, we want you to add polygraph testing. She held a hearing and said no. That's correct. So the assumption of everyone was, including the government, was without polygraph testing language, the treatment could not include a mandatory condition of testing as part of the treatment. Correct. Did I miss anything? No, you did not, Your Honor. And I just don't think it's right to suggest that the treatment provider somehow wouldn't provide treatment without the polygraph testing because, as Your Honor has mentioned, it is not ordered in every case. And the treatment providers do have contracts with probation and I presume follow those contracts as probation asks them to. Thanks very much. Thank you. The case is submitted.